# Looney v. Justice.

April 24, 1945.

V. R. Bentley for appellant.

Willis Staton and Sidney Trivette for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

On the twentieth day of July, 1925, appellant obtained judgment against appellee, Cas Justice, in the sum of Thirty-Two Hundred Dollars ($3200), with interest from the twenty-first day of January, 1924, subject to a credit of Forty-Five Dollars and Fifteen Cents ($45.15) as of the twenty-eighth day of November, 1924. An execution on this judgment was issued by the Clerk of the Court on the seventeenth day of August, 1925; that execution was returned without levy by the Sheriff of Pike County at the direction of appellant, the judgment creditor. On the sixteenth day of April, 1935, an execution was issued by the Clerk for the costs of the action only, viz., Twenty-Eight Dollars and Sixty-Five Cents ($28.65). This execution was returned "no property found" by the Sheriff on the twentieth day of October, 1935. On July 14, 1942, appellant filed a motion, supported by his affidavit, for an attachment on the property of appellee Justice to secure satisfaction of the judgment hereinbefore referred to. By a pleading styled amended petition, appellant alleged that the execution

issued on the sixteenth day of April, 1935, was upon the debt sued on, and had the force and effect of reviving the judgment. He then moved the Court to amend the execution to show the fact alleged. The Court overruled this motion, and, upon submission of the case, sustained appellee's plea of limitation to the judgment and discharged the attachment. From this order entered November 27, 1943, and from the judgment rendered July 20, 1925, appellant has appealed.

While the judgment entered July 20, 1925, was appealed from, the appeal obviously was perfected too late to give this Court jurisdiction. Civil Code of Practice, Sec. 745. Even if we had jurisdiction of that appeal, appellant could not be heard to complain, because the judgment was rendered in his favor in default of defense, and was for the full amount prayed for. It is obvious that the appeal from the 1925 judgment must be dismissed. Likewise it is obvious that the fifteen year statute of limitation has tolled the judgment, unless the execution raised for costs only, or the assignment hereinafter referred to, revived appellant's rights in respect to the collection thereof.

KRS 413.090, formerly compiled in Carroll's Kentucky Statutes, 1936 Edition, Section 2514, provides:

"Except * * *, the following actions shall be commenced within fifteen years after the cause of action first accrued:

"(1) An action upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof, the period to be computed from the date of the last execution thereon."

This character of action is not included in the exceptions. An execution must be issued on the debt itself to toll the running of the statute. The execution herein relied on was not upon the debt, but was solely upon the costs of the action, and was not issued at the instance of appellant; therefore, it did not have the effect of tolling the statute of limitation.

It is argued that an assignment made by appellee to Orville Coleman on December 22, 1930, was an acknowledgment of the judgment debt, thereby tolling the running of the statute. It appears that this contention has been raised for the first time in appellant's reply brief in this Court. The assignment reads:

"12-22-30

"Mr. Orville Coleman

"You will please Deliver to A. H. Looney the Ballard Sawyer note of $185.00, together with mortgage, as I have sold all interest I have in them to him. For value received.

"Cas Justice."

The assignment makes no mention of the judgment debt, and cannot be presumed to have been a payment on it; indeed, no credit is claimed by either party on account of this assignment, and appellee testified that it was made in pursuance of a separate agreement and transaction between the parties prior to the rendition of the judgment. It is obvious the assignment cannot be treated as an acknowledgment of the debt evidenced by the judgment sued on.

The appeal from the judgment entered July 20, 1925, is dismissed; the judgment entered November 27, 1943, is affirmed.